MERCHANTS NATIONAL BANK OF FORT SMITH, ARKANSAS, guardian of Mabel O. Riley, incompetent, Plaintiff,

v.

KERR–McGEE CORPORATION, Defendant.

No. 77–2125.

United States District Court, W. D. Arkansas, Fort Smith Division.

Nov. 10, 1977.

John H. Fitzhugh, Bryan & Fitzhugh, Fort Smith, Ark., for plaintiff.

G. Alan Wooten, Warner & Smith, Fort Smith, Ark., for defendant.

## OPINION ON MOTION TO DISMISS

JOHN E. MILLER, Senior District Judge.

On August 11, 1977, plaintiff, Guardian of Mabel O. Riley, Incompetent, filed complaint against defendant, Kerr-McGee Corporation, formerly Kerr-McGee Oil Industries, Inc., seeking judgment declaring the entire lease of coal deposits to defendant, executed June 26, 1957 by Mabel O. Riley and Lydia Riley invalid and that it be cancelled; or, in the alternative, that all provisions of said lease granting an easement to mine coal on the surface be declared invalid and cancelled.

On August 31, 1977, the defendant filed its motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and alleges in count I that the:

---

"complaint on its face does not contain sufficient allegations with regard to the matter in controversy. That specifically, the amount in controversy is less than the sum of $10,000, contrary to plaintiff's allegations in paragraph I."

In count II it is alleged:

"That the question of determining the jurisdictional amount is based upon the sum or value which the defendant will lose if plaintiff succeeds or the sum or value the plaintiff will recover in the event they succeed. That this sum in either event is less than $10,000."

On September 6, 1977, plaintiff filed its response to the motion to dismiss, and alleges "that the undisputed facts show that the value of the real property exceeds $500,000, that the highest and best use of the property is for residential purposes; that the lease constitutes a cloud upon plaintiff's title and will diminish the value of the property by $25,000."

Attached to the brief of plaintiff in support of its response to the motion to dismiss is an affidavit of E. B. Brown, who is the Trustee Officer of plaintiff bank, the Guardian of Mabel O. Riley, Incompetent. Mr. Brown, in his affidavit states:

"As Trust Officer he is familiar with real estate values in the vicinity of Fort Smith, Arkansas and in particular with the value of Mabel O. Riley's property upon which the Complaint is filed. In this connection he states that he has acquired a knowledge of real estate values inasmuch as it, is his duty to prepare inventories on estates in which the Bank is named executor and guardian and further to establish values in cases where the Bank is named trustee. Also it is his' duty to advise the Bank as to whether real property should be sold or retained where the Bank is acting in a fiduciary capacity. He further states that the value of the ward in the real estate involved in this complaint is listed in the inventory of her estate at $500,000 which inventory was filed March 10, 1975. He further states that the value of this property has increased since that inventory was filed.

He further states that the lease to Kerr-McGee constitutes a cloud upon the title and that prospective purchasers would reduce their offers to buy the property as Kerr-McGee could claim the use of the surface as an easement for mining coal at any time. He further states that it would be difficult to obtain a loan on said property for the reason that an easement might be taken at any time on the surface to mine coal. He further states that the highest and best use for the property would be as a residential development and any lending institution would hesitate to lend money to develop the property on account of the provisions of the Kerr-McGee lease. He further states that the Kerr-McGee lease which is on record has reduced the value of the property by at least $25,000 and in his opinion the loss to the property because of this lease exceeds $25,000."

The plaintiff, Merchants National Bank of Fort Smith, Arkansas, Guardian of Mabel O. Riley, Incompetent, is a national banking association, organized and existing under an act of Congress, with its principal place of business in the City of Fort Smith, Arkansas and is a citizen and resident of the State of Arkansas; that its ward, Mabel O. Riley, is a citizen and resident of Fort Smith, Arkansas; that defendant is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in Oklahoma City, Oklahoma and it is a citizen and resident of the State of Oklahoma or Delaware; that the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs. Under 28 U.S. C.A., Section 1332, the court has jurisdiction.

The motion of defendant to dismiss the complaint should be overruled and an order to that effect is being entered today and defendant is further directed to file answer to complaint or otherwise plead on or before November 22, 1977.